AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Carlos Sal Suero Hernandez and<br>Jorge Juelgonzales Contretas<br><br>_Defendant(s)_ | Case No. 8:24MJ1219CPT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 7, 2024__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | While aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Dana A. Rocque, Special Agent, CGIS
_Printed name and title_

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: FEBRUARY 12, 2024

_Judge's signature_

City and state: Tampa, Florida    CHRISTOPHER P. TUITE, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dana A. Rocque, after being duly sworn, depose and state as follows:

### Statutory Authority

1. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    a. Carlos Sal Suero Hernandez (Master)

    b. Jorge Juelgonzales Contretas

all of whom are foreign nationals (Dominican Republic), for knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(ii).

2. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

3.  The United States Coast Guard has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## Agent Background

4.  I am a Special Agent with the Coast Guard Investigative Service (CGIS) and currently assigned to the Tampa Office. I have been employed with CGIS since August 2013. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine.

5.  I am assigned as a Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate transnational criminal organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

6. Based on my training and experience, I am familiar with the means and methods narcotics traffickers use to transport, import, and distribute illicit drugs. I am also familiar with the support and assistance that narcotics organizations require to conduct their illegal activities and have become knowledgeable about the criminal statutes of the United States, particularly, the narcotics statutes.

## Probable Cause

7. On or about February 7, 2024, while on routine patrol in the Caribbean Sea, the USS LEYTE GULF along with a USCG Law Enforcement Detachment located a go-fast vessel ("GFV") approximately 95 nautical miles south of the Dominican Republic, in international waters. The USS LEYTE GULF diverted to investigate the GFV. A Maritime Patrol Aircraft (MPA) was launched in addition to a surface law enforcement team.

8. Upon approach, the surface team and MPA identified packages and behaviors consistent with the smuggling of controlled substances.

9. Once the USS LEYTE GULF's small boat gained positive control of the GFV, the boarding team identified the following crewmembers on board the suspect GFV as Carlos Sal Suero Hernandez (Master), and Jorge Juelgonzales Contretas.

10. The boarding team observed no registration number, no vessel name, no homeport, nor any painted-on markings on the vessel. The boarding team identified the master of the vessel, Carlos Sal Suero Hernandez, who made no claim of nationality for the vessel. The USCG then assimilated the GFV as stateless and

3

subject to the laws of the United States. The USCG boarding team subsequently conducted a law enforcement boarding of the GFV.

11.  The boarding team observed suspected contraband within the vessel. The USCG boarding team conducted two tests of the contraband utilizing narcotic identification kits that were positive for the presence of cocaine. The contraband recovered onboard the GFV by the USCG boarding team consisted of approximately 520 kilograms of suspected cocaine. The USCG boarding team seized the cocaine and detained the two crewmembers. The stateless GFV was sunk in place due to being a navigational hazard.

## Conclusion

12.  Based upon the foregoing information, I respectfully submit that probable cause exists to believe that Carlos Sal Suero Hernandez, and Jorge Juelgonzales Contretas, while aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. §§ 960(b)(1)(B)(ii).

/
/
/
/
/
/

_____
Dana A. Rocque
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this _12_ day of February, 2024.

_____
HON. CHRISTOPHER P. TUITE
United States Magistrate Judge

5